**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND**

| | | |
|---|---|---|
| **LINDA GOETZ,** | : | |
| **8891 Moreland Street** | : | **Case No.** |
| **Powell, Ohio 43065** | : | |
| | : | **Judge** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OHIOHEALTH CORPORATION,** | : | **JURY DEMAND ENDORSED HEREON** |
| **c/o Terri W. Meldrum, Statutory Agent** | : | |
| **3430 Ohiohealth Parkway** | : | |
| **Columbus, Ohio 43202** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Now comes Plaintiff Linda Goetz ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant OhioHealth Corporation("Defendant") states and avers as follows:

## THE PARTIES

1.     Plaintiff is an individual residing in Richland County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant.

2.     Defendant is a not for profit Corporation duly registered to do business in the State of Ohio.

3.     Defendant regularly conducts business in Richland County, Ohio at OhioHealth Mansfield Hospital.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, 28 U.S.C. § 1331, and Title 4112 of the Ohio Revised Code.

1

5.      Venue is proper in the Northern District of Ohio Eastern Division because all actions took place within Richland County, Ohio.

6.      Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the "EEOC Notice" is attached hereto as Exhibit A.

7.      At all relevant times hereto, Defendant was Plaintiff's employer as the same has been defined by the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(d) and Ohio Title 4112.

## FACTUAL ALLEGATIONS

8.      Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

9.      Plaintiff is a female.

10.     Defendant hired Plaintiff as a Protective Services Officer in 2021 at Grant Medical Center in downtown Columbus.

11.     In late October 2022, Defendant promoted Plaintiff to Protective Services Supervisor and Plaintiff was transferred to OhioHealth's Mansfield Hospital.

12.     The Protective Services Department at OhioHealth provides armed security and safety services in all areas of the hospitals. As a Protective Services Supervisor, Plaintiff supervised approximately 10 Protective Services Officers.

13.     Plaintiff's supervisor was Andy Cotter, a male. Cotter resigned in April 2023 and Chris Blaney, a male, became Plaintiff's supervisor.

14.     Brent Emmons, Protective Services Director, was Cotter's supervisor and is Blaney's supervisor.

15. In April 2023, Defendant placed Plaintiff on administrative leave for allegedly failing to perform her job duties and engaging in a relationship with a subordinate.

16. Defendant's allegations of Plaintiff's alleged performance failures and relationship were unsubstantiated and unfounded.

17. Several other male officers were engaged in relationships with fellow officers and/or subordinates and were not disciplined or demoted, including a Captain that engaged in a sexual relationship with a subordinate while on duty.

18. On May 12, 2023, Plaintiff reported to Human Resources that her second level supervisor, Emmons, had made unwanted sexual advances towards Plaintiff.

19. One June 7, 2023, Defendant demoted Plaintiff to a Protective Services Officer and transferred her to OhioHealth's freestanding emergency department in Powell, Ohio.

20. As a result of her demotion, Plaintiff's salary was decreased and she was relocated over an hour away from her previous position.

21. At least three other male officers, including Lt. Paul Parker, Lt. Sonner, and Lt. Exterovich, were demoted and allowed to maintain the same pay or were not transferred.

22. As a result of Defendant's conduct, Plaintiff has suffered immense stress and physical ailments and has missed several days of work due to stress.

## COUNT I – SEX DISCRIMINATION IN VIOLATION OF TITLE VII

23. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

24. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

25. Plaintiff is a member of a protected class, female, and was qualified for the position.

26.     Defendant demoted Plaintiff for pre-textual reasons because of her gender, all in violation of 42 USC § 2000(e).

27.     By treating Plaintiff differently and otherwise discriminating against her on the basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e)-2(a) in violation of Title VII of the Civil Rights Act of 1964, as amended.

28.     As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**COUNT II – SEX DISCRIMINATION IN VIOLATION OF OHIO TITLE 4112**

29.     Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

30.     Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

31.     Plaintiff is a member of a protected class, female, and was qualified for the position.

32.     Defendant demoted Plaintiff for pre-textual reasons because of her gender, all in violation of Ohio Title 4112.

33.     By treating Plaintiff differently and otherwise discriminating against her on the basis of her gender, Defendant committed unlawful employment practices within the meaning of Ohio Title 4112.

34.     As a direct and proximate result of Defendant's conduct in contravention of Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to,

4

emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

## COUNT V – RETALIATION IN VIOLATION OF TITLE VII

35. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

36. Following Plaintiff's report to Human Resources in which she alleged unwanted sexual advances from her supervisor, Defendant demoted and transferred Plaintiff.

37. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

38. Defendant's actions constitute retaliation as prohibited by Title VII.

39. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

## COUNT VI – RETALIATION IN VIOLATION OF OHIO TITLE 4112

40. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

41. Following Plaintiff's report to Human Resources in which she alleged unwanted sexual advances from her supervisor, Defendant demoted and transferred Plaintiff.

42. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

43. Defendant's actions constitute retaliation as prohibited by Ohio Title 4112.

44.    Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Linda Goetz prays that this Court award a judgment against Defendant OhioHealth Corporation on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
        ASalvino@ksrlegal.com

*Counsel for Plaintiff*

6

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
         ASalvino@ksrlegal.com

*Counsel for Plaintiff*